UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CARL PIIRAINEN,

      Plaintiff,

v.                                                                                  Case No. 2:16-CV-214

AEGIS WHOLESALE CORPORATION,                          HON. GORDON J. QUIST
U.S. BANK NATIONAL ASSOCIATION,
as Trustee, successor in interest to Bank of
America, National Association, as Trustee,
successor by merger to LaSalle Bank
National Association, as Trustee for
Washington Mutual Mortgage Pass-
Through Certificates WMALT Series
2006-AR8 Trust, WASHINGTON MUTUAL
MORTGAGE SECURITIES CORP.,
WAMU ASSET ACCEPTANCE CORP.,
COUNTRYWIDE HOME LOANS
SERVICING, LP, MORTGAGE ELECTRONIC
SYSTEM, a/k/a "MERS" and DOES 1-100,

      Defendants.
_____/

## OPINION REGARDING MOTION TO DISMISS

      Plaintiff, Carl Piirainen, proceeding pro se, sued Defendants, Aegis Wholesale Corporation (Aegis), U.S. Bank National Association (U.S. Bank), as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-AR8 Trust, Washington Mutual Mortgage Securities Corp., WAMU Asset Acceptance Corp., Countrywide Home Loans Servicing, LP, Mortgage Electronic Registration System (MERS), and Does 1 through 100, alleging various claims arising out of the foreclosure of a mortgage on

Piirainen's property. In particular, Piirainen alleges claims for a (1) declaratory judgment that Defendants lack standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief that Piirainen owns the property and Defendants had no right to foreclose on it; (8) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*, and the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. § 1639; (9) violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605(e); and (10) rescission. U.S. Bank removed the case to this Court on the basis of both federal question and diversity jurisdiction.

U.S. Bank has filed a motion to dismiss all of Piirainen's claims for failure to state a claim. Piirainen has failed to respond within the time allowed under Local Rule 7.2(c). For the following reasons, the Court will grant U.S. Bank's motion and dismiss Piirainen's claims in their entirety with prejudice. The claims will be dismissed as to all Defendants because Piirainen fails to state a claim against any Defendant.[1]

## I. BACKGROUND

The following facts are based on the allegations in the complaint, matters of public record, and exhibits attached to Defendant's motions that are referred to in the complaint.[2]

On June 13, 2006, Piirainen obtained a mortgage loan from Aegis in the amount of $121,500.00, as evidenced by an Adjustable Rate Note. (ECF No. 1-3.) As security for repayment

---

[1] It also appears that Piirainen has failed to serve any Defendant other than U.S. Bank.

[2] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

of the loan, Piirainen granted a mortgage (the Mortgage) to MERS, as nominee for Aegis, on real property (Property) located at 169 Midway Drive, Negaunee, Michigan 49866. (ECF No. 1-4.) On November 2, 2015, MERS assigned the Mortgage to U.S. Bank pursuant to a Corporate Assignment of Mortgage. (ECF No. 7-6.) The Corporate Assignment of Mortgage was recorded in the Marquette County Register of Deeds on November 17, 2015. (*Id.*)

Piirainen eventually failed to make payments and defaulted on the Mortgage. U.S. Bank initiated foreclosure proceedings. On January 7, 2016, a sheriff's sale was held, at which U.S. Bank was the highest bidder. The sheriff's deed was recorded in the Marquette County Register of Deeds on January 21, 2016. (ECF No. 1-5.) The statutory redemption period expired on July 7, 2016, and no party exercised the right of redemption. Piirainen filed his complaint in the Marquette County Circuit Court on July 15, 2016.

## II. MOTION STANDARD

Piirainen has not responded to the instant motion within the time allowed under Western District of Michigan Local Rule 7.2(c). Accordingly, the Court may treat Piirainen's failure as an abandonment or waiver of all of his claims. *See Fredericks v. Allquest Home Mortg. Corp.*, No. 15-10429, 2015 WL 1966856, at *2 (E.D. Mich. Apr. 30, 2015) ("The Court first notes that Plaintiff failed to file a timely response to Defendants' motion. This alone may be sufficient grounds to grant it."); *Burke v. Morgan*, No. 06-CV-348-JMH, 2009 WL 514314, at *2 (E.D. Ky. Mar. 2, 2009) (noting that when a plaintiff fails to respond to a motion to dismiss, a court may treat such failure as a knowing abandonment of the claim). However, the Court has also reviewed U.S. Bank's motion on its merits under the applicable Rule 12(b)(6) motion to dismiss standard, *see Abbas v. Bank of Am. N.A.*, No. 1:12-CV-607, 2013 WL 1340309, at *2 (W.D. Mich. Mar. 29, 2013), and concludes that all of Piirainen's claims fail as a matter of law.

### III. DISCUSSION

**A.     The Lack of Standing/Wrongful Foreclosure Claim Fails**

The rights of a mortgagor and mortgagee after foreclosure are also controlled by statute. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 52, 503 N.W.2d 639, 642 (1993). The foreclosure statute provides that once the redemption period has expired, all of the mortgagor's rights in the property are extinguished by operation of law. M.C.L. § 600.3236; *see Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187–88, 4 N.W.2d 514, 517 (1942). The six-month statutory redemption period under M.C.L. § 600.3240 may not be extended absent a clear showing of fraud or irregularity. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam) (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247–48, 167 N.W.2d 784, 785 (1969) (per curiam)). The fraud or irregularity must be present in the foreclosure process itself. *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012). Thus, "a strong case of fraud or irregularity, or some peculiar exigency" is required to upset the foreclosure process once the redemption period has expired. *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Aqozzino*, 280 Mich. 402, 405–06, 273 N.W. 747, 748 (1937) and *Calaveras Timber Co. v. Mich. Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743, 745 (1936)); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) (observing that "in the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict . . . requirements" of the foreclosure statute). In addition, a defect in the foreclosure process does not void the foreclosure, but instead renders it merely voidable. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (2012). Under this standard, a plaintiff seeking to set aside a foreclosure sale must show prejudice resulting from noncompliance with the foreclosure requirements. *Id.* Specifically, a plaintiff "must show that [he] would have been in a better position

to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Id.* at 115–16, 825 N.W.2d at 337; *see also Jarbo v. Bank of New York Mellon*, 587 F. App'x 287, 289 (6th cir. 2014) (noting the judicially-created exception to the redemption rule "allow[ing] courts to extend the statutory redemption period where a party clearly shows fraud or irregularities in the foreclosure process that actually prejudiced the mortgagor in preserving his or her interest in the property").

Here, U.S. Bank has shown through proper documentation that it was the holder of the Mortgage and therefore had standing to foreclose. Moreover, Piirainen fails to allege any fraud or irregularity in the Mortgage foreclosure process. To the extent Piirainen challenges the validity of the assignment from MERS to U.S. Bank, he fails to demonstrate that he has standing to make such a challenge. *See Cable v. Mortg. Elec. Registration Sys., Inc.*, No. 11-cv-14877, 2012 WL 2374236, at *3 (E.D. Mich. June 22, 2012). In addition, to the extent Piirainen argues that the foreclosure was invalid because the note and Mortgage were split, this argument has been soundly rejected in Michigan. *See Residential Funding Co. v. Saurman*, 490 Mich. 909, 910, 805 N.W.2d 183, 184 (2011) ("It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience.") (internal quotation marks omitted); *Kemp v. Resurgent Capital Servs.*, No. 13-11794, 2013 WL 5707797, at *5 (E.D. Mich. Oct. 21, 2013) (stating that "Kemp's 'note-splitting' theory fails to state a plausible claim for relief").

**B.      Piirainen's Fraud in the Concealment and in the Inducement Claims Fail**

Piirainen's second claim for fraud in the concealment, is essentially a claim for silent fraud under Michigan law. The entire basis for this claim is that Defendants "concealed the fact that the

Loans were securitized as well as the terms of the Securitization Agreements . . . ." (ECF No. 1-2 at PageID.30.)  This claim fails because Piirainen fails to allege any facts showing that any Defendant had a duty to disclose to Piirainen that the loan was securitized.  *See Roberts v. Saffell*, 280 Mich. App. 397, 404, 760 N.W.2d 715, 719 (2008) (citing *United States Fid. & Guar. Co. v. Black*, 412 Mich. 99, 125, 313 N.W.2d 77, 88 (1981)) ("[F]or the suppression of information to constitute silent fraud there must exist a legal or equitable duty of disclosure.").  In addition, "[a] plaintiff cannot merely prove that the defendant failed to disclose something; instead, a plaintiff must show some type of representation by words or actions that was false or misleading and was intended to deceive." *Lucas v. Awaad*, 299 Mich. App. 345, 364, 830 N.W.2d 141, 152 (2013) (internal quotations and citation omitted).  Piirainen alleges no facts suggesting that any Defendant had an intent to deceive him.  In fact, given that securitization had no impact on Piirainen's loan, it is difficult to see how such information could possibly have been material to Piirainen.

Piirainen's third claim for fraud in the inducement fails for essentially the same reasons as his claim for silent fraud.  The basis of this claim is that Defendants misrepresented that they were "the 'holder and owner' of the Note and the beneficiary of the Mortgage/Deed of Trust." (*Id.* at PageID.31.)  Again, Piirainen alleges no facts indicating that any Defendant owed him any duty to disclose such information.  Moreover, as noted above, Piirainen lacks standing to challenge the mortgage loan transfer or the assignment of the Mortgage from MERS to U.S. Bank.

**C.    The Intentional Infliction of Emotional Distress Claim Fails**

Piirainen's fourth claim is a claim for intentional infliction of emotional distress.  The elements of such a claim are: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress.  *See Hayley v. Allstate Ins. Co.*, 262 Mich. App. 571, 577, 686 N.W.2d 273, 276 (2004). "The conduct complained of must be 'so outrageous in character,

and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.* at 577, 686 N.W.2d at 276-77 (quoting *Graham v. Ford*, 237 Mich. App. 670, 674, 604 N.W.2d 713, 716 (1999). This claim is based entirely on the allegation that U.S. Bank was not entitled to foreclose on the Property. As set forth above, Piirainen's claim that U.S. Bank lacked a right to foreclose or that the foreclose was in any way improper lacks merit. *See Barnhart v. Nationstar Mortg., LLC*, No. 1:15-cv-627, 2016 WL 424699, at *3 (W.D. Mich. Feb. 4, 2016) (noting that the "extreme and outrageous conduct" element of an intentional infliction of emotional distress claims is not satisfied under Michigan law "when the plaintiff essentially claims that the defendant breached contracts with him in various ways and foreclosed on the property" (internal quotation marks omitted)).

**D.     The Claims of Slander of Title, Quiet Title, and Declaratory Relief All Lack Merit**

Piirainen's fifth, sixth, and seventh claims are for slander of title, quiet title, and declaratory relief. These claims are all based on the premise that U.S. Bank had no valid interest in the Property and therefore lacked the right to foreclose. (*Id.* at PageID.34–36.)

A slander of title claim requires a plaintiff to prove that the defendant maliciously published false matter disparaging the plaintiff's title. *GKC Mich. Theaters, Inc. v. Grand Mall*, 222 Mich. App. 294, 301, 564 N.W.2d 117, 119–20 (1997). Piirainen admits that he defaulted on his loan. Thus, the statements U.S. Bank made when it published and posted the notices of foreclosure were not false. In addition, U.S. Bank obtained a valid transfer of the Mortgage from MERS, and Piirainen lacks standing to challenge the validity of the assignment of the Mortgage. *See Yanakeff v. JP Morgan Chase Bank, N.A.*, No. 2:12-cv-13221, 2013 WL 6328673, at *5 (E.D. Mich. Dec. 5, 2013). Finally, Piirainen fails to allege any facts giving rise to an inference of malice. *See id.*

7

Piirainen's quiet title and declaratory relief claims fail for similar reasons. Piirainen's allegations fail to show that his interest in the Property was superior to U.S. Bank's interest as mortgagee, especially in light of Piirainen's admitted default. *See Starkey v. U.S. Bank Nat'l Ass'n*, No. 13-13786, at *4 (E. D. Mich. Jan. 13, 2014) (holding that the plaintiff's failure to make timely payments under the note and mortgage weighed against quieting title to the plaintiff). Moreover, as noted above, Piirainen lacks standing to challenge the validity of securitization of the loan or the assignment of the Mortgage.

**E.     The TILA, HOEPA, and RESPA Claims are Time-Barred and Insufficiently Pled**

Piirainen's eighth and ninth claims are for violations of TILA, HOEPA, and RESPA based on Aegis's alleged failure to provide accurate and material disclosures at the time Piirainen obtained the loan in 2006. An action under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). Similarly, an action based upon a violation of section 8 or 9 of RESPA, 12 U.S.C. §§ 2607 and 2608, must be brought "within . . . 1 year . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614; *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 (6th Cir. 2009). Finally, HOEPA claims must be brought within one year from the date of occurrence. *Jovanovic v. Bank of New York Mellon*, No. 13-11851, 2013 WL 4042613, at *5 (E.D. Mich. Aug. 9, 2013). Although Piirainen alleges a right to equitable tolling of the limitations periods, he fails to allege any factual basis—other than Defendants' failures to comply with the statutes—to support equitable tolling. Thus, the claims are time-barred. Finally, these claims fail for the additional reason that they lack any specific facts and instead rely on conclusory assertions, contrary to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

**F.     The Claim for Rescission is Time-Barred**

Piirainen's final claim is rescission under the TILA. Such claim fails because claims for rescission are subject to a three-year statute of repose. 15 U.S.C. § 1635(f). Moreover, the statute of repose cannot be equitably tolled. *Williams v. Wells Fargo Home Mortg., Inc.*, 410 F. App'x 495, 499 (3d Cir. 2011).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant U.S. Bank's Motion to Dismiss and dismiss Piirainen's complaint with prejudice.

An Order consistent with this Opinion will be entered.


Dated:  December 7, 2016                               /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE